WESTERN DIST.
September, 1840.

LINTON'S HEIRS.
vs.
WALSH.

---

## LINTON'S HEIRS vs. WALSH.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

A promise to pay certain drafts by the defendant, who avers that he drew them as agent, will bind him personally, and authorize the drawee who has paid the drafts, to recover the amount from him. The case is stronger when the principal disavows the acts of his alleged agent.

This is an action by the legal representatives of John Linton, deceased, against the defendant, as drawer of three drafts, amounting to seven hundred and forty dollars ; which were drawn on, and paid by John Linton, in his lifetime, as is alleged, for the benefit of the defendant.

The defendant admitted he drew the drafts as alleged, but averred that he drew them as agent of F. D. Conrad, Esq. He denies that he is liable, in any manner, for the amount of said drafts, inasmuch as he never authorized John Linton, to accept any draft for him.

The drafts were drawn in the following form.

"New Iberia, 22d June, 1833.";
" At ninety days sight, please pay to the order of Messrs. H. R. Lee & Co., $150 ; value received, *on account of F. D. Conrad*, and oblige your obedient servant."

"S. W. WALSH."

" To John Linton, Esq. }
    New-Orleans." }

The evidence showed that the defendant was agent of F. D. Conrad, in the management of a plantation ; who states that he drew the drafts on account of it; but Conrad expressly disavowed his authority to draw the drafts in question. They were paid by Linton, and afterwards put in the hands of Joshua Baker for collection, who states that the defendant promised to give a draft on the firm of Lastrapes & Desmare, for their amount, but failed to do so. He said he or Mr. Conrad would pay them by the 1st March, 1836. Walsh always said Conrad should have paid them. Witness told him, that Linton's estate had no obligation from Mr. Conrad, and that they had to look to him for payment, and he to Conrad. The latter said, defendant was to pay them and not him, as they were for the defendant's individual account.

The defendant in a letter, says it is out of his power to give a draft on Lastrapes & Desmare as he expected. He says, " I shall do all I can to see it paid, either by Mr. Conrad, or myself, between this time and the month of March. Should you insist on suing me, *it will only be making costs, without hastening payment of the debt.* I consider Mr. Conrad as bound, in his settlement with me of the affairs of *Parc Perdu* plantation, for *all the drafts* I gave, and were accepted by Mr. Linton, or *none* of them."

There was judgment for the defendant, and the plaintiffs appealed.

*Maskell*, for the plaintiffs, showed that during the progress of the trial in the lower court, the defendant offered as evi-

dence the depositions of Thompson and others, taken under a commission dated 25th July, 1837; to the admissibility of which the plaintiff, by his attorney, objected, and filed a bill of exceptions, the ground of which objection is :—

That the commission was ordered to be returned without delay, instead of specifying a particular day; See *Code of Practice*, 439 ; 8 *Martin, N. S.*, 450.

2. That proof of agency devolved on the party claiming the right, and having failed to establish his legal authority to draw said drafts, he became personally liable for their payment. 4 *Martin, N. S.*, 528, 502 ; 5 *Idem.*, 138 ; 2 *Louisiana Reports*, 244 ; 6. *Idem.*, 47 ; *Civil Code*, 2971, 2982.

*Morse*, contra, insisted that, by the evidence and declarations of the defendant, he was not personally bound to pay these drafts. And his promises only go to shew that he would see the drafts paid : But he always said Mr. Conrad was liable, and not him. They were for, and on Conrad's account.

*Garland, J.*, delivered the opinion of the court.

This suit is instituted on three drafts, drawn by the defendant on the late John Linton, in the year 1833, payable in thirty, sixty and ninety days, and amounting to seven hundred and forty dollars, directing the amount to be charged to Mr. F. D. Conrad. Linton accepted, and paid the drafts, and when he called on Conrad for the amount, he refused to pay it, saying the defendant was not authorized to draw on his account. He then called on the defendant to pay the amount, who in the summer of 1835, to use the language of one of the witnesses, " promised to give a draft on the late firm of Lastrapes & Desmare, payable on the 1st of March, 1836, in favor of plaintiffs for said drafts, but told deponent he wished to see Mr. Desmare, previous to giving said draft," he at the same time, said Mr. Conrad ought to have paid the amount. On the 26th of September, 1835, he wrote a letter

LAW LIBRARY

to Joshua Baker, Esq., who was the attorney of the plaintiffs, in which, after explaining why he could not give the draft on Messrs. Lastrapes & Desmare, which he had promised, he says, " I wish you in the meantime to feel assured, that I shall do all I can to see it paid, either by Mr. Conrad or myself, between this time and the month of March next." He also expresses the hope no suit will be brought against him, as it would not hasten the payment, and further expresses his intention to " consider Mr. Conrad as bound in his settlement of the affairs of the *Parc Perdu* plantation, for all the the drafts given by him, and accepted by Linton. In April, 1837, this suit was commenced, and the defendant then denied his liability, and reasserts that he drew the drafts as Conrad's agent. The District Court gave a judgment for the defendant, from which the plaintiffs appealed.

There is a bill of exception, in the record, to the opinion of the court below, rejecting certain depositions offered by the defendant, which we do not consider it necessary to decide upon, as the testimony, if admitted, would not change the opinion we entertain as to the liability of the defendant.

We do not concur in the opinion of the District Court. Admitting for the argument, that the position taken by the defendant, in the first instance, was correct, yet his subsequent promise, verbally and in writing, to pay the drafts, binds him. No principle can be clearer than that, if an agent draws a draft or bill of exchange, which is paid by the drawee, and the agent afterwards promises to become personally responsible, that he is bound by the engagement, and the case is stronger, when the reputed principal disavows the act, and refuses to sanction it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and this court, proceeding to give such judgment as ought to have been given in the court below, do further order and decree, that the plaintiff do recover of, and have judgment against the defendant, S. W. Walsh, for the sum of seven hundred and forty dollars, with interest thereon, at

*A promise to pay certain drafts by the defendant who avers that he drew them as agent, will bind him personally, and authorize the drawee who has paid the drafts to recover the amount from him. The case is stronger when the principal disavows the acts of his alleged agent.*

the rate of five per cent. per annum, from the 13th day of April, in the year 1837, until paid, and costs in both courts.